Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242
(214) 767-1073

Susan B. Hersh,
for the United States Trustee
susan.hersh@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| In re: § | |
| § | Case No. 25-10295-11(V) |
| **PREMIER LUMBER COMPANY, INC.,** § | |
| *et al[1]*. § | **CHAPTER 11** |
| **Debtor-in-Possession.** § | Hearing Set: September 9, 2025 @ 9:30 am |

**United States Trustee's Objection to Debtors' Motion for Entry of an Order
Extending the Automatic Stay of Debtors' Guarantors**
(Relates to Dkt. No. 11)

TO THE HONORABLE JOSHUA P. SEARCY, U.S. BANKRUPTCY JUDGE:

The United States Trustee, Region 6, (the "United States Trustee") objects to the Debtors' Motion for Entry of an Order Extending the Automatic Stay of Debtors' Guarantors, filed July 1, 2025 [Dkt No. 11](the "Motion") filed by Premier Lumber Company, Inc. and TexStar Lumber, Inc. (collectively, the "Debtors"), and in support thereof, shows as follows:

**Summary**

The Debtors, in the Motion, are seeking a temporary restraining order --injunctive relief to enjoin actions between non-debtor third parties. The Motion seeks to interfere with and stay litigation by certain non-debtor parties who are pursuing their legal and contractual rights of collection against

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number are: Premier Lumber Company, Inc. (9451) and TexStar Lumber, Inc. (1243).

**UST Objection to Motion to Extend Stay Page 1**

their obligors – non-debtors who are principals of the Debtors. The Bankruptcy Court's jurisdiction over disputes between non-debtor third parties is limited.

This is a SubChapter V case, which is fast moving and shorter in duration than many, more complicated chapter 11 cases. The Debtors' request for interim injunctive relief between now and confirmation (to avoid the alleged interference with the principals' ability to facilitate the Debtors' reorganization), must be supported by an evidentiary showing that all of the elements for injunctive relief has been satisfied. No such showing has yet been made.

## Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case under 28 U.S.C. § 1334. The United States Trustee does not concede that the litigation sought to be stayed is "related" to this bankruptcy case over which the Bankruptcy Court has jurisdiction. The United States Trustee contends that the litigation between the non-debtor third parties is not a core matter under 28 U.S.C. § 157(a).

## Factual and Procedural History

1. The Debtors filed their Chapter 11 voluntary petitions on June 30, 2025, electing treatment as a Subchapter V debtor. [Dkt. No. 1]

2. Behrooz Vida was appointed the Subchapter V Trustee on July 2, 2025. [Dkt. No. 15]

3. A status conference, in accordance with 11 U.S.C. § 1188, was held on August 19, 2025, requiring a plan to be filed on or before September 29, 2025.

4. On July 1, 2025, as part of its first day filings, the Debtors filed the Motion, seeking to stay pending litigation and/or the collection efforts by: (i) Byline Bank (ii) Kadana USA, Inc. (iii) Herc Rentals, Inc. (iv) H&E Equipment Services, Inc. and (v) Mustang Rental Services of Texas, LLC against the following individuals:

- Mohamed Zubair Abdul Aleem ("Aleem")
- Karthick Chandrasekaran ("Karthick")
- Zain Zubair ("Zain"), and

**UST Objection to Motion to Extend Stay Page 2**

- Shabana Zubair ("Shabana")

(collectively, the "Guarantors").

5. The Debtors haves informed the United States Trustee that it is prosecuting the Motion only with respect to seeking to enjoin Kadana USA, Inc. ("Kadana") from pursuing its litigation claims against the Guarantors[2].

6. On September 3, 2024, Kadana filed its Complaint against Aleem, Karthick and Zain in the United States District Court for the District of New Jersey, Cause No. 2:34-cv-08916 (the "Kadana Suit").

7. TexStar Lumber, Inc. has scheduled the claim of Kadana in the amount of $625,000, and which claim is not listed as either "disputed", "contingent" or "unliquidated". [25-10296, Dkt. No. 28, Schedule D 2.6].

8. Premier Lumber Company, Inc. has scheduled the claim of Kadana in the amount of $625,000, and which claim is not listed as either "disputed", "contingent" or "unliquidated". [25-10295, Dkt. No. 47, Schedule F. 3.2].

9. Neither Debtor is a defendant in the Kadana Suit.

10. No trial date has been set in the Kadana Suit.

## Legal Analysis

**Subchapter V Debtors – Generally**

11. Under 11 U.S.C. § 1189(a), only the Subchapter V debtor may file a plan. Section 1189(b) provides that a Subchapter V debtor "shall file a plan not later than 90 days after the order for relief under this chapter." The Court may extend that deadline "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." *Id*.

---

[2] The United States Trustee opposes the relief sought in the Motion, including as to the other parties named and reserves her rights to object to the balance of the Motion, if and when the Debtors prosecute same. This objection is limited to the relief concerning the Kadana Suit.

Subchapter V debtors benefit from a more streamlined chapter 11 process. For example, chapter 11 small business debtors have early deadlines to formulate a reorganization and are not required to pay United States Trustee fees or file a separate disclosure statement, in anticipation of (and to facilitate) a speedy and efficient reorganization.

**Does the Bankruptcy Court have Jurisdiction over the Kadana Suit?**

12.     An injunction relies on the court's power to enter orders binding on the parties. The court must therefore have both constitutional and statutory authority to enter an injunction. And, once such jurisdiction and authority are established, the court still must determine that an injunction is warranted. Jurisdiction, authority, and a showing that injunctive relief is warranted are absent here.

13.     Neither Debtor is a party to the Kadana Suit.

14.     While 28 U.S.C. § 1334(b) provides concurrent jurisdiction over civil proceedings "related to" a bankruptcy case, the claims between non-debtors, sought to be enjoined, do not "relate to" Debtors' chapter 11 case.

15.     "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts upon the handling and administration of the bankrupt estate." *See Feld v. Zale Corp. (In re Zale Corp.*), 62 F.3d 746, 752 (1995). "For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *Bass v. Denney (In re Bass),* 171 F.3d 1016, 1022 (5th Cir. 1999).

16.     Here, the claims between non-debtors are not property of Debtors or the estate, will not impact the estate, or impact any determination on the execution of a plan. "[T]he state law causes of action" sought to be enjoined "do not bear on the interpretation or execution of the debtor's plan." *Bank of Louisiana v. Craig's Stores of Texas, Inc. (In re Craig's Stores of Texas, Inc.),* 266 F.3d 388, 391 (5th Cir. 2001)(speaking about post-confirmation injunctions). It makes no difference in this

case whether the Debtors will be required to make a distribution on the Kadana claim to Kadana or the Guarantors (in the event that the Guarantors remit payment and have an indemnification claim back against the Debtors).

17. The bankruptcy court also lacks jurisdiction to enter injunctive relief because Debtors lack standing to seek it. A party seeking injunctive relief must have standing to do so. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Wells Fargo Bank, N.A. v. Stewart (In re Stewart),* 647 F.3d 553, 557 (5th Cir. 2011). To have standing, the party seeking injunctive relief must show "that he has sustained or is immediately in danger of sustaining some direct injury" and "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Lyons*, 461 U.S. at 105; see also *Stewart,* 647 F.3d at 557. "Absent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *Stewart*, 647 F.3d at 557; accord *Lyons*, 461 U.S. at 101-02. Other than general conclusory statements that the Guarantors need to focus on the Debtors' reorganization, the Debtors have made no such factual showing here of actual immediate threat or injury. Accordingly, the bankruptcy court lacks jurisdiction to enter injunctive relief barring the Kadana Suit.

18. Second, there is no authority in the Bankruptcy Code for the injunction barring claims between non-debtors. Debtors cannot rely on section 105(a) for this authority because it "serves only to carry out authorities expressly conferred elsewhere in the code." *Harrington v. Purdue Pharma L.P.* 603 U.S. 204, at 216 n.2 (2024) ("*Purdue*")(quotation marks omitted). But nothing in the Code authorizes the court to use its judicial power to bar claims between non-debtors. *Id*. at 227.

**Inappropriateness of Issuing an Injunction Barring Claims Against Non-Debtors**.

19. The Debtors are seeking injunctive relief[3]. The Debtors cannot demonstrate that the requisite

---

[3] Bankruptcy Rule 7001(g) requires that proceedings to obtain an injunction or other equitable relief, be brought by way of an adversary proceeding and the affected parties could certainly have a claim about insufficient notice.

traditional factors that support injunctive relief are satisfied.

20. A party seeking an injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006); *see also Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'") *(quoting Cavanaugh v. Looney, 248 U.S. 453, 456 (1919)); id.* (noting that an injunction is an "extraordinary remedy"). The Debtors have not established that each of these factors are met.

21. Nor could they. This is a SubChapter V case. The Bankruptcy Code provides for a speedy reorganization, with the plan required to be filed within ninety (90) days of the Petition Date and a prompt exit from chapter 11 thereafter.

22. The Supreme Court in *Purdue*, held that non-debtors may not receive permanent injunctive relief in the form of a third-party release, under a plan of reorganization, even when the bankruptcy court may find that the releases are necessary to facilitate the reorganization. *Purdue,* 144 S. Ct. at 2082-88. As such, the relief that the Debtors are seeking herein could certainly not be granted on a more permanent basis under a reorganization plan -- absent Kadana's consent.

23. As such, the Motion can only seek relief for the time period until the plan is confirmed. As this is a Subchapter V case, with the plan due to be filed in approximately 20 days following the hearing on this Motion, that time period is fairly short and is fast approaching, which further undermines the ability to satisfy the heightened standard of scrutiny necessary for the issuance of an injunction.

24. The Debtors have failed to demonstrate that extraordinary circumstances exist in this case which would entitle them to a preliminary injunction. *In re Parlement Techs, Inc.*, 661 B.R. 722, 728 (Bankr. D.Del. 2024)(holding that the debtor had not established the existence of extraordinary circumstances warranting granting preliminary injunctive relief against suits against non-debtor former officers and directors, which extraordinary remedy should be granted only in limited circumstances).

## Conclusion

For these reasons, the United States Trustee respectfully requests that the Court deny the Motion and to grant the United States Trustee such other and further relief to which she may be entitled.

Dated: September 4, 2025                    Respectfully Submitted,

>
> LISA L. LAMBERT
> UNITED STATES TRUSTEE
>
> */s/ Susan B. Hersh*
> Susan B. Hersh
> Trial Attorney
> Texas State Bar No. 09543925
> Office of the United States Trustee
> 1100 Commerce St.  Room 976
> Dallas, Texas  75242
> susan.hersh@usdoj.gov
> (214) 767-1073

## Certificate of Service

I certify that this document was served via ECF on all parties entitled to receive such notice in this case on the date it was filed.

>
> */s/ Susan B. Hersh*
> Susan B. Hersh