IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>**Premier Lumber Company Inc., *et al.*,**[1]<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JOINTLY ADMINISTERED**<br>Under Case No. 25- 10295<br><br>Chapter 11 |

### ORDER CONFIRMING AMENDED PLAN OF REORGANIZATION UNDER SUBCHAPTER V

This matter came before the Court on Premier Lumber Company, Inc.'s ("Premier Lumber") and TexStar Lumber, Inc.'s ("TexStar," and together with Premier Lumber, the "Debtors") *Amended Plan of Reorganization Under Subchapter V* [Doc. No. 90] (the "Plan")[2] and the Objection thereto by Byline Bank [Doc. No. 77]. The Court held a hearing to consider confirmation of the Plan on January 13, 2026, at which it heard testimony as to the Plan's feasibility and the need for a provision that provides a third-party injunction in favor of certain of the Debtors' employees that have guaranteed certain of the Debtors' financial obligations. At the hearing, the Court made oral findings of fact and conclusions of law and ruled that: (i) the Debtors have met their burden as to all outstanding issues; (ii) the Plan satisfies all applicable provisions of the Bankruptcy Code; and (iii) the Plan should be confirmed.

**IT IS HEREBY ORDERED** that the Objection of Byline Bank is overruled, and the Plan is hereby confirmed;

**IT IS FURTHER ORDERED** that *as set forth more fully in and subject to the terms of the Plan,* all creditors scheduled by the Debtors (collectively,

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtors' federal tax identification number, are: Premier Lumber Company, Inc. (9451); and TexStar Lumber, Inc. (1243).

[2] All capitalized terms not defined in this Order shall have the same meaning ascribed to those terms in the Plan.

the "Creditors"), except for Byline Bank, may not take any action to commence or continue any judicial, administrative, or other legal action or proceeding related to the collection of any Claim addressed by the Plan against: (i) Mohamed Zubair Abdul Aleem; (ii) Zain Zubair; or (iii) Karthick Chandrasekaran (together, the "Guarantors"). The Creditors are also prohibited from taking any action to collect, assess, or recover any Claim addressed by this Plan against Guarantors, and may not seek to enforce any Claim addressed by this Plan they may hold against Guarantors. These prohibitions are not meant to be releases but temporary injunctions that last until the earlier of: (i) the completion of the payments provided to Class 4 of the Plan; or (ii) the Reorganized Debtor fails to file a notice of cure within 30 days from the filing of a notice default under Section XII of the Plan; and

**IT IS FURTHER ORDERED** that upon the Effective Date, all equity interests in the Debtors that existed as of the Petition Date will be cancelled, and all equity interest in the Reorganized Debtor will vest in in Prime Tex Lumber, LLC.

Signed on 1/16/2026

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

91770\327604565.v2