IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **JOINTLY ADMINISTERED** |
| **Premier Lumber Company Inc., *et al.*,**[1] | § | Under Case No. 25- 10295 |
| | § | |
| Reorganized Debtors. | § | |
| | § | Chapter 11 |
| | § | |

**REORGANIZED DEBTORS' MOTION FOR SANCTIONS AGAINST KADANA USA, INC. AND ITS ATTORNEY VIK PAWAR FOR WILLFUL VIOLATION OF THE PLAN INJUNCTION**

**21-DAY NEGATIVE NOTICE LANGUAGE – LBR 9007(a):**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

Premier Lumber Company, Inc. ("Premier Lumber") and TexStar Lumber, Inc. ("TexStar," and together with Premier Lumber, the "Reorganized Debtors"), the reorganized debtors in the above-referenced case file this *Motion for Sanctions Against Kadana USA, Inc. and Its Attorney*

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are: Premier Lumber Company, Inc. (9451); and TexStar Lumber, Inc. (1243).

*Vik Pawar for Willful Violation of the Plan Injunction* (the "Motion"). In support thereof, the Reorganized Debtors would respectfully submit as follows.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and through the standing order of reference from the United States District Court for the Eastern District of Texas, Beaumont Division, referring to this Court all cases and proceedings in this District arising in or related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## II. BACKGROUND

4. On or around September 2023, the Reorganized Debtors and Guarantors (defined herein) entered into that certain loan agreement with Kadana USA, Inc. ("Kadana"). On or around September 2024, after the Reorganized Debtors defaulted on their obligations under Loan Agreement, Kadana brought suit against: (i) Mohamed Zubair Abdul Aleem; (ii) Zain Zubair; and (iii) Karthick Chandrasekaran (together, the "Guarantors") for breach of contract arising from the personal guaranties of the Reorganized Debtors' indebtedness to Kadana.

5. Said lawsuit is currently pending as *Kadana USA INC. v. Aleem et al* in the United States District Court for the District of New Jersey as Case No. 3:24-cv-08916-RK-TJB (the "NJ Litigation"). Mr. Vikrant Pawar is counsel of record for Kadana in the NJ Litigation.

6. The Reorganized Debtors filed voluntary petitions for relief under Chapter 11, Subchapter V of the Bankruptcy Code on June 30, 2025 (the "Petition Date"), which initiated the above styled, jointly administered, bankruptcy case (the "Bankruptcy Case").

7. On July 1, 2025, the Reorganized Debtors filed their *List of Creditors who Have the 20 Largest Unsecured Claims and Are Not Insiders* [Doc. No. 4], which specifically lists Kadana as a creditor. Further, the Reorganized Debtors included the following addresses on the creditor's matrix for Kadana:

i. Kadana USA, Inc.
c/o Vik Pawar
20 Vesey Street, Suite 1410,
New York, New York 10007-4219

ii. Kadana USA, Inc.
220 Davidson Ave., Suite 118
Somerset, NJ 08873-4144

8. On August 12, 2025, Kadana filed its proof of claim in *In re: TexStar Lumber, Inc.* Case No. 25-10296 as claim number 3-1.[2]

9. On September 29, 2025, the Reorganized Debtors filed their proposed *Plan of Reorganization Under Subchapter V* [Doc. No. 67] (the "Proposed Plan"), and October 3, 2025, this Court entered its Order allowing solicitation of the same.

10. Notably, the Proposed Plan includes language providing that:

> all Creditors scheduled by the Debtors may not take any action to commence or continue any judicial, administrative, or other legal action or proceeding against: (i) Mohamed Zubair Abdul Aleem; (ii) Zain Zubair; (iii) Karthick Chandrasekaran; or (iv) Shabana Mohamed Zubair (together the "Guarantors"). Creditors are also prohibited from taking any action to collect, assess, or recover any Claims against Guarantors, and may not seek to enforce any Claims they may hold against Guarantors until the earlier of: (i) the completion of the payments provided to Class 4; or (ii) a default under the Plan.[3] (the "Plan Injunction").

11. On October 10, 2025, the Reorganized Debtors properly served a true and correct copy of the: (i) Proposed Plan; (ii) *Order Fixing Time for Filing Acceptances or Rejections of*

---

[2] A true and correct copy of the Kadana proof of claim is attached hereto as **Exhibit A**.

[3] *See* the Plan at pg. 15.

*Debtor's Proposed Joint Chapter 11 Plan of Reorganization and/or Objections to Confirmation of Proposed Plan and Setting Hearing to Consider Confirmation of Debtor's Proposed Chapter 11 Plan of Reorganization* [Doc. No. 68]; and (iii) a Ballot (as defined in the Order), where applicable, *via* the United States Postal Service, First Class U.S. Mail, postage prepaid—onto the U.S. Trustee, the Subchapter V Trustee, and the creditor matrix.[4]

12. On December 16, 2025, the Reorganized Debtors filed their *Amended Plan of Reorganization Under Subchapter V* [Doc. No 90] (the "Plan"), which included the same Plan Injunction language as the Proposed Plan.

13. On January 13, 2026, the Court held the Confirmation Hearing and confirmed the Plan. An *Order Confirming the Amended Plan of Reorganization Under Subchapter V* [Doc. No 102] (the "Confirmation Order") was entered on January 16, 2026.

14. The Confirmation Order, again, provides:

> all creditors scheduled by the Debtors (collectively, the "Creditors"), except for Byline Bank, may not take any action to commence or continue any judicial, administrative, or other legal action or proceeding related to the collection of any Claim addressed by the Plan against: (i) Mohamed Zubair Abdul Aleem; (ii) Zain Zubair; or (iii) Karthick Chandrasekaran (together, the "Guarantors"). The Creditors are also prohibited from taking any action to collect, assess, or recover any Claim addressed by this Plan against Guarantors, and may not seek to enforce any Claim addressed by this Plan they may hold against Guarantors. These prohibitions are not meant to be releases but temporary injunctions that last until the earlier of: (i) the completion of the payments provided to Class 4 of the Plan; or (ii) the Reorganized Debtor fails to file a notice of cure within 30 days from the filing of a notice default under Section XII of the Plan.

15. Despite this, on May 1, 2026, the Guarantors' counsel in the NJ Litigation ("NJ Counsel") informed Reorganized Debtors' counsel that Kadana has moved for summary judgment in the NJ Litigation. Upon this discovery, Reorganized Debtors informed NJ Counsel of the Plan Injunction and advised notifying the New Jersey Court accordingly.

---

[4] *See* Certificate of Compliance [Doc. No. 70].

16. On May 4, 2026, NJ Counsel filed a letter informing the NJ Court of the Plan Injunction.[5]

17. Mr. Pawar's response to the letter was that "defendants have waived their arguments [and] [i]n addition, an Article 3 judge, in my opinion, has overriding jurisdiction over an Article 2 judge in EDTX. Finally, the individual defendants are not seeking bankruptcy protections so the stay would not necessarily apply to them."[6]

18. In order to clear up Mr. Pawar's confusion about the Bankruptcy Court's jurisdiction and the Court's authority to enter a plan injunction under applicable case law, on May 4, 2026, counsel for the Reorganized Debtors sent a cease and desist demand letter, yet again, informing Kadana and Mr. Pawar of the Plan Injunction and how his continued actions in the NJ Litigation are in direct violation of this Court's Order (the "Demand Letter").[7]

19. In response to this Demand Letter, Mr. Pawar refused to comply with the Plan Injunction and instead responded, "Please don't send me threatening missives. You have been sending emails and letters to the wrong address. In addition, if the 'stay' was applicable, why didn't the defendants' lawyers inform the DJ in DNJ about the 'stay.'"[8]

20. Mr. Pawar's assertion is clearly incorrect. Kadana clearly received notice of the Bankruptcy Case, which is evidenced by the fact that Kadana filed a proof of claim prior to the bar date, Moreover, the email address Mr. Pawar sent the above referenced email that refuses to comply with the Confirmation Order is the exact email address on the *List of Creditors who Have*

---

[5] A true and correct copy of the letter is attached hereto as **Exhibit B**.

[6] A true and correct copy of the correspondence is attached hereto as **Exhibit C** (portions of this correspondence are redacted to preserve attorney client communication).

[7] A true and correct copy of the Demand Letter is attached hereto as **Exhibit D**.

[8] A true and correct copy of the correspondence between Mr. Pawar and Reorganized Debtors' counsel is attached hereto as **Exhibit E**.

*the 20 Largest Unsecured Claims and Are Not Insiders*, and the address listed on the creditor's matrix is the exact same as listed on the pleadings Mr. Pawar filed in the NJ Litigation.

21. Reorganized Debtors' counsel AGAIN, informed Mr. Pawar that there is a Plan Injunction and that the actions taken are in violation thereof. Mr. Pawar refused to acknowledge the validity of this Court's order and authority and instead responded, "I take your email to be threatening. You should explain to the bankruptcy judge why your clients failed to inform the DNJ about the pending "bankruptcy" and needlessly and vexatiously prolonged the proceedings. Finally, you can explain to the BK judge why your firm repeatedly send emails and mail to the incorrect addresses. Something I discovered yesterday. If you file a frivolous motion, We intend to seek sanctions against your firm under Rule 11 and 28 USC 1927."

22. Mr. Pawar's statement is clearly false as represented to the Reorganized Debtors' counsel by the Magistrate Judge in the NJ litigation. More specifically, the Magistrate Judge overseeing the NJ Litigation requested an *ex parte* status conference with the Reorganized Debtors' counsel at 4:00 p.m. CT on May 5, 2026.[9] At the status conference, the Magistrate Judge represented to Reorganized Debtors' counsel that she and the other litigants had been aware of the Bankruptcy Case since it was filed, as well as the Confirmation Order since it was entered. While the Magistrate Judge was unsure as to the legal effect of the Plan Injunction, her representation to Reorganized Debtors' counsel removes all doubt regarding Kadana or Mr. Pawar's knowledge of the Plan Injunction.

23. It is undisputed that Kadana and its counsel now have actual knowledge of the Confirmation Order and its legal effects. Kadana and its counsel, however, refuse to comply with the Court's Confirmation Order and abate the pending litigation until the Plan Injunction expires

---

[9] A true and correct copy of the correspondence evidencing this *ex parte* status conference is attached hereto as **<u>Exhibit F</u>**.

by its terms. As a result, the Reorganized Debtors have no choice but to file this Motion to seek that the Court enforce the Confirmation Order and its Plan Injunction.

## III. ARGUMENT AND AUTHORITIES

24. The continuation of the NJ Litigation is both a willful violation of the Plan Injunction and contempt of this Court's Order. Kadana has been an active creditor in this Bankruptcy Case and had ample opportunity to object to the Plan Injunction.

25. It is well established that under 11 U.S.C. § 105, a bankruptcy court has the inherent power to enter civil contempt orders for violations of the court's specific orders and injunctions. *In re Bradley*, 588 F.3d 254, 265 (5th Cir.2009); *Matter of Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609, 612–613 (5th Cir.1997). Once a plan injunction is in place, the confirming bankruptcy court retains jurisdiction to interpret and enforce its own prior orders. *In re Lothian Oil, Inc.*, 531 F. App'x 428, 445–447, n.9 (5th Cir. 2013) (finding the bankruptcy court had both the jurisdiction and the authority to enjoin those state court proceedings and then hold the offending parties in contempt for continuing to file pleadings after a confirmed plan injunction was issued); *see also Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 151 (2009) (holding it is beyond dispute that a bankruptcy court has jurisdiction to interpret and enforce its own prior orders).

26. To hold a party in civil contempt, a court must find: (i) that a court order was in effect, (ii) that the order required certain conduct by the respondent, and (iii) that the respondent failed to comply with the court's order. *FDIC v. LeGrand,* 43 F.3d 163, 170 (5th Cir.1995). "Civil contempt serves two purposes, (i) coercing compliance with an order and/or (ii) compensating a party who has suffered unnecessary injuries or costs because of contemptuous conduct. *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961–62 (5th Cir.1996).

27. There is no dispute that the Confirmation Order is a valid Court order which is in effect, and that the plain language of the Confirmation Order commands and prohibits "all creditors scheduled by the Debtors" which includes Kadana, from taking "action to commence or continue any judicial, administrative, or other legal action or proceeding related to the collection of any Claim addressed by the Plan against: (i) Mohamed Zubair Abdul Aleem; (ii) Zain Zubair; or (iii) Karthick Chandrasekaran."

28. Mr. Pawar and Kadana's actions in the NJ Litigation constitute a clear violation of the terms of the Confirmation Order, and they were provided with ample opportunity to rectify this violation. Instead of complying with this Court's Confirmation Order, Mr. Pawar (without pointing to any authority, instead relying only his own beliefs) continues to pursue the NJ Litigation against the Guarantors because he believes "defendants have waived their arguments" in regard to the Plain Injnction, and "an Article 3 judge, in [his] opinion, has overriding jurisdiction over an Article 2 judge in EDTX."

29. The Confirmation Order issued by this Court **cannot** be any clearer. Kadana is enjoined from pursuing the NJ Litigation. There is no colorable argument to support Mr. Pawar's insistence that the Plan Injunction does not apply. By continuing to prosecute the NJ Litigation, Kadana and Mr. Pawar have damaged the Reorganized Debtors, and the Debtors are entitled to sanctions to compensate them for their conduct in contempt of the Confirmation Order.

## IV. CONCLUSION

The Reorganized Debtors' respectfully request that the Court enter an order: (i) finding Kadana and Mr. Pawar have willfully violated the Confirmation Order; (ii) that each are in contempt of Court; (iii) sanctioning each appropriately; (iv) that Kadana should compensate the

Reorganized Debtors' due to the unnecessary costs associated with the bringing of this Motion; and (v) such other and further relief as the Court may deem just and appropriate.

Dated: May 5, 2026

Respectfully submitted,

KEAN MILLER LLP

By: *_/s/Lloyd A. Lim_*
Lloyd A. Lim
State Bar No. 24056871
711 Louisiana Street,
Suite 1800 South Tower
Houston, TX 77002
Tel: 713.362.2550 l
Lloyd.Lim@KeanMiller.com

**Counsel for the Reorganized Debtors**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 5, 2026, a copy of the foregoing document was served to all parties entitled to receive notices through the Court's electronic notification system as permitted by Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, and also by email to the following:

**By Email:**

Kadana USA, Inc.
c/o Vik Pawar
vik@pawarlaw.com

**Counsel to Kadana USA, Inc.**

*/s/Lloyd A. Lim*
Lloyd A. Lim